IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LSC TOWERS, LLC and LOVELL FAMILY LIMITED PARTNERSHIP, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:17-cv-00625-M |
| LG PRESTON CAMPBELL, LLC, LEON CAPITAL GROUP, LLC, and LG ACQUISITIONS, LLC, | § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss (ECF No. 12), filed under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). After consideration, the Motion is **GRANTED** on jurisdictional grounds.

**I.   BACKGROUND**

This case arises from a dispute over a structure allegedly obstructing an easement. On April 4, 2007, Plaintiff Lovell Family Limited Partnership ("Lovell") became the owner of Lot 2A, Block A 8208 of Preston Trails Annex Addition in Dallas County, Texas (the "Property"). (First Am. Compl., ECF No. 8, at ¶ 14). In 2011, Lovell assigned the cell tower premises to Plaintiff LSC Towers, LLC ("LSC"). (*Id.* at ¶ 15). Plaintiffs divided the Property into three smaller lots, 2A, 3A, and 4A, and designated Lots 3A and 4A as cell tower premises. (*Id.* at ¶ 16). The assignment included easement rights of ingress, egress, and regress. (*Id.* at ¶ 17).

On or about July 18, 2014, LSC entered into a lease agreement with SBA 2012 TC Assets, LLC ("SBA") for SBA to maintain a cell tower on the cell tower premises. (*Id.* at ¶¶ 18, 19). SBA leased its cell tower to various telecommunications companies. (*Id.* at ¶ 19).

In September 2013, Defendant LG Acquisitions, LLC ("LGA") offered to purchase Lot 2A of the Property for $525,000. (*Id.* at ¶ 20). In 2014, Defendant Leon Capital Group, LLC ("Leon") requested information about the Property and attempted to purchase the Property. (*Id.* at ¶ 20). Plaintiffs refused to sell all or part of the Property to any Defendant. (*Id.* at ¶ 34).

After Plaintiffs refused to sell the Property to them, Defendants allegedly retaliated against Plaintiffs, including by interfering with Plaintiffs' sale of the Property to third parties. (*Id.* at ¶¶ 23, 34). On or about August 18, 2016, Public Storage offered to purchase the Property for $2,400,000. (*Id.* at ¶ 22). Before Plaintiffs could close a contract with Public Storage, Defendants LG Preston Campbell, LLC ("LG Preston") and Leon constructed a block and wood structure on or abutting Plaintiffs' property line. (*Id.* at ¶¶ 23, 34). Plaintiffs contend the erection of the structure obstructed the Property and caused Public Storage to back out of the deal. (*Id.* at ¶¶ 23, 25). Plaintiffs also allege the structure blocked access to the cell tower, thereby causing SBA to terminate its lease agreement. (*Id.* at ¶ 24).

On March 2, 2017, Plaintiffs filed this action against Defendants LG Preston and Leon for an alleged violation of the Due Process Clause of the United States Constitution and for various state law causes of action. (Original Compl., ECF No. 1, at ¶¶ 16–38). After LG Preston and Leon filed a Motion to Dismiss, Plaintiffs dropped their constitutional claim, added LGA as a named party, and asserted a new claim against all Defendants for mail and wire fraud under the Racketeer Influenced and Corrupt Organizations Act ("RICO") Act. (First Am. Compl., ECF No. 8, at ¶¶ 29–36).

Defendants moved for dismissal under Federal Rule of Civil Procedure Rule 12(b)(6) for failure to allege a plausible RICO claim, and under Rule 12(b)(1) for lack of subject matter jurisdiction. (Defs.' Mot. to Dismiss, ECF No. 12).

## II. LEGAL STANDARD UNDER FED. R. CIV. P. 12(B)(1)

A motion to dismiss under Rule 12(b)(1) challenges a court's subject matter jurisdiction. In general, federal courts have jurisdiction over (1) civil actions between citizens of different states or foreign nations when the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) federal questions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. §§ 1331, 1332(a); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A jurisdictional challenge based on the complaint presents a "facial" attack that requires the court to decide whether the plaintiff's allegations, presumed to be true, sufficiently state a basis for subject matter jurisdiction. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

## III. ANALYSIS

### A. Elements of a RICO claim

Because the parties recognize that jurisdiction rests on whether Plaintiffs pleaded a federal RICO claim,[1] the Court first analyzes the RICO allegations in the First Amended Complaint.

To sufficiently plead a RICO claim, a plaintiff must allege that: (1) a person (2) engages in a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *In re Burzynski*, 989 F.2d 733, 741 (5th Cir. 1993). A "pattern of racketeering activity" requires at least two predicate acts of racketeering that are related and pose a threat of continued criminal activity. *Brown v. Protective Life Ins. Co.*, 353 F.3d 405, 407 (5th Cir. 2003). In the context of mail or wire fraud, the plaintiff must demonstrate that the predicate

---

[1] None of the parties contend that diversity jurisdiction exists.

acts consisted of making false or fraudulent representations calculated to deceive. *See Joe N. Pratt Ins. v. Doane*, No. CIV.A. V-07-07, 2008 WL 819011, at *4 (S.D. Tex. Mar. 20, 2008) (citing *In re MasterCard Int'l. Inc.*, 313 F.3d 257, 263 (5th Cir. 2002)).

                i.      "pattern of racketeering activity"

The actions described in the First Amended Complaint do not plead any pattern of fraudulent or racketeering activity. Plaintiffs allege only that (i) in September 2013, LGA presented Plaintiffs with an "unreasonably low" offer of $525,000 for Lot 2A, (First Am. Compl. at ¶¶ 20, 33); (ii) in 2014, Leon made attempts to purchase the Property and obtained sensitive information related to the Property, (*id.* at ¶¶ 20, 33); and (iii) in 2016, LG Preston and Leon allegedly erected a block and wooden structure to obstruct access to the cell tower premises, and then delayed removal of the structure (*id.* at ¶¶ 23–25, 34). Plaintiffs argue that fraud arising from these events was "implicit." (Resp., ECF No. 16, at 11).

Defendants' assertion that LGA made an "unreasonably low" purchase offer does not describe fraud or racketeering. No matter how "unreasonable" the offer may have been, Plaintiffs do not allege how the offer was false or fraudulent. *See MasterCard*, 313 F.3d at 263. Nor do Plaintiffs identify any false or fraudulent representations that LGA made in connection with the offer.

Similarly, Plaintiffs do not state a RICO claim when they allege that Defendants fraudulently obtained "sensitive" information from Plaintiffs or that Defendants fraudulently delayed the removal of the structure on or abutting the Property. The mere labeling of an act as fraudulent is not enough. Plaintiffs identify no fraudulent representations made in connection with these two events. The Court is not required to speculate that any unpleaded fraud may have occurred. *See, e.g., Molina-Aranda v. Black Magic Enters., LLC*, No. MO:16-CV-00376-

RAJ, 2017 WL 7693454, at *3 (W.D. Tex. June 26, 2017).

The Court finds that the First Amended Complaint fails to demonstrate any predicate acts—much less a pattern—of fraudulent, criminal, or racketeering activity, which is necessary to support Plaintiffs' RICO claim.

    ii.    "enterprise"

Defendants argue that Plaintiffs did not allege the existence of an "enterprise." The Court agrees. A RICO enterprise may be a legal entity or an association-in-fact. *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 (5th Cir. 2000). To demonstrate the existence of an association-in-fact enterprise, Plaintiffs must allege (1) there is an ongoing organization, (2) the organization's members function as a continuing unit through a hierarchical or consensual decision-making structure, and (3) the organization exists separately and apart from the alleged pattern of racketeering. *Crowe v. Henry*, 43 F.3d 198, 205 (5th Cir. 1995); *see Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 779 (N.D. Tex. 2014).

In this case, Plaintiffs merely allege that three legal entities—LGA, Leon, and LG Preston—operate as an "enterprise." (*See* First Am. Compl. at ¶ 35). Plaintiffs do not identify how the entities are related, how the entities structure decision-making among themselves, or that the entities exist separate and apart from any alleged racketeering activities. Plaintiffs instead ask the Court to infer that the elements of enterprise exist. (*See* Resp., ECF No. 16, at 13). The Court has no basis for such an inference. *See, e.g., Gordon*, 57 F. Supp. 3d at 779.

    iii.    "causation"

Finally, Defendants ask for dismissal of Plaintiffs' RICO claim on the grounds that Plaintiffs failed to plead causation and reliance. Causation is an element of a civil RICO claim. *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010). First-party reliance is not. *Bridge*

*v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 649 (2008).

Plaintiffs argue they pleaded causation when they alleged in the First Amended Complaint that Leon requested sensitive information from Plaintiffs, causing Plaintiffs to provide that information. (Resp., ECF No. 16, at 14). Plaintiffs also contend that Leon and LG Preston used this information to build a structure on Plaintiffs' Property. (*Id.* at 15). These allegations do not satisfy RICO causation, as they do not describe how Plaintiffs' alleged injuries were caused by any acts of mail or wire fraud by the Defendants. *See Moore v. Town N. Auto., Inc.*, No. 3:14-CV-1215-D, 2014 WL 3396100, at *6 (N.D. Tex. July 11, 2014) (allegations of injury did not show causation between injury and any predicate act).

The First Amended Complaint does not state a credible RICO claim, and this case thus does not involve any claims arising under federal law.

### B. Lack of subject matter jurisdiction

The Court cannot exercise subject matter jurisdiction in this case because Plaintiffs' only asserted federal claim is wholly without merit. *See Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 344 (5th Cir. 1977). Plaintiffs' motivation for attempting to plead a RICO claim is transparent. They attempt to set forth a federal claim to support federal question jurisdiction. Plaintiffs initially alleged a constitutional due process claim, but dismissed that claim under pressure when Defendants LG Preston and Leon moved to dismiss the claim due to the obvious absence of a state actor, a clear prerequisite for a federal due process claim. (*See* Mot. to Dismiss, ECF No. 6, at 4–5). Plaintiffs' second attempt to allege a federal claim again widely misses the mark, as Plaintiffs failed to even describe the elements of a RICO claim.

Because the Court finds that Plaintiffs' RICO claim is frivolous and insubstantial, and Plaintiffs have not alleged any other factual matter that would support federal jurisdiction, the

Court dismisses this action for lack of subject matter jurisdiction.[2] Without subject matter jurisdiction, the Court also cannot exercise supplemental jurisdiction over Plaintiffs' state law claims. *See Arena v. Graybar Elec. Co.*, 669 F.3d 214, 221–22 (5th Cir. 2012); *Stangel v. A-1 Freeman N. Am., Inc.*, No. CIV.A.3:01-CV-2198-M, 2002 WL 913016, at *2 (N.D. Tex. Apr. 30, 2002).

## IV. CONCLUSION

This case does not involve a federal claim to support Plaintiffs' allegations of jurisdiction under 28 U.S.C. § 1331. The Court therefore **ORDERS** that this case be **DISMISSED** for lack of subject matter jurisdiction, **WITHOUT PREJUDICE** to Plaintiffs refiling their state law claims in state court.

**SO ORDERED**.

March 5, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE

---

[2] Although the Court finds merit to Defendants' arguments under Rule 12(b)(6), the Court does not separately rule under Rule 12(b)(6) because its dismissal for lack of subject matter jurisdiction is dispositive of the entire case. *See Gilbert v. Bartel*, No. 7:06-cv-177, 2007 WL 1112594, at *1 n.1 (N.D. Tex. Apr. 12, 2007).