IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOVELL FAMILY LIMITED PARTNERSHIP, and LSC TOWERS, LLC, | § § § § | |
| Plaintiffs, | § § | No. 3:17-CV-625-M (BT) |
| v. | § § | |
| LG PRESTON CAMPBELL, LLC, et al., | § § § | |
| Defendants. | § | |

# **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Rule 11 Motion for Sanctions [ECF No. 28] filed by Defendants LG Preston Campbell, LLC ("LG Preston"), Leon Capital Group, LLC ("Leon"), and LG Acquisitions, LLC ("LGA"). For the reasons discussed herein, the Rule 11 Motion should be DENIED.

## **Background**

This case arises out of a dispute between neighboring landowners over access to a cell tower site.[1] Plaintiffs the Lovell Family Limited Partnership and LSC Towers, LLC, filed this civil action against Defendants LG Preston and Leon in federal court on March 2, 2017, alleging violations of their constitutional due

---

[1] The facts pertinent to the underlying dispute are set forth in the March 5, 2018 Memorandum Opinion and Order [ECF No. 38] granting Defendants' Motion to Dismiss.

1

process rights and various state law causes of action. *See* Compl. ¶¶ 16-38 [ECF No. 1]. After LG Preston and Leon filed a Motion to Dismiss, Plaintiffs filed their First Amended Complaint, in which Plaintiffs abandoned their constitutional claim, added LGA as a named party, and asserted a new claim against all Defendants for mail and wire fraud under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See* Am. Compl. ¶¶ 29-36 [ECF No. 8].

Defendants again moved for dismissal under Rule 12(b)(6) for failure to allege a plausible RICO claim, and under Rule 12(b)(1) for lack of subject matter jurisdiction. *See* Mot. to Dismiss [ECF No. 12]. On March 5, 2018, the District Court granted Defendants' Motion to Dismiss, and dismissed this case for lack of subject matter jurisdiction, without prejudice to Plaintiffs re-filing their state law claims in state court, because this case does not involve a federal claim that supports Plaintiffs' allegations of jurisdiction under 28 U.S.C. § 1331. *See* Mem. Op. & Order 7 [ECF No. 38].

On May 29, 2018, the District Court referred Defendants' Rule 11 Motion for Sanctions, which was filed on December 26, 2017—prior to the dismissal of this case—to the magistrate judge for hearing and a recommendation. *See* Order [ECF No. 39]. The magistrate judge held a hearing on the Rule 11 motion on August 2, 2018.

By their motion, Defendants initially sought (1) an order striking Plaintiffs' First Amended Complaint, (2) reasonable expenses, including attorneys' fees

incurred in defending the lawsuit, and (3) a public reprimand of Plaintiffs' counsel, Mr. Jack B. Peacock, Jr. At the hearing, Defendants modified their sanctions request in view of the fact that the District Court had granted their motion to dismiss and asked the Court to award $125,000 in attorneys' fees and issue a public reprimand of Mr. Peacock. The issues have been fully briefed and argued, and the Motion is ripe for determination.

As stated on the record at the conclusion of the August 2, 2018 hearing, the District Court should deny the Rule 11 Motion because Defendants failed to demonstrate that sanctions are warranted. Alternatively, the Court finds the least severe sanction appropriate under the circumstances would have been to strike the offending pleading. However, because the District Court previously dismissed Plaintiffs' federal claims without prejudice, an order striking Plaintiffs' pleading would be moot.

**Legal Standards**

Rule 11 authorizes the Court to impose sanctions on a party who files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the cost of litigation. *See Sortium USA, L.L.C. v. Hunger*, 2014 WL 1080765, at *2 (N.D. Tex. Mar. 18, 2014) (citing Fed. R. Civ. P. 11(b) & (c)) (Lynn, J.). Rule 11 sanctions may be appropriate where the Court finds that the claims or defenses are not supported by the existing law, or the allegations lack evidentiary support or are not likely to do so after a reasonable

opportunity for investigation. *See Hunger*, 2014 WL 1080765, at *2 (citing Fed. R. Civ. P. 11(b)(1), (b)(2), & (b)(3)). Appropriate sanctions may include monetary and/or injunctive relief, as well as dismissal of the complaint. *See Hunger*, 2014 WL 1080765, at *3 (citing *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359-60 (5th Cir. 1986); *Cappa Fund III, L.L.C. v. Actherm Holding, A.S.*, 2011 WL 817384, at *2 (N.D. Tex. Feb. 21, 2011), *rec. accepted*, 2011 WL 816861, at *1 (N.D. Tex. Mar. 9, 2011) (Lindsay, J.)). However, a Rule 11 sanction is "an extraordinary remedy, one to be exercised with extreme caution." *See Hunger*, 2014 WL 1080765, at *3 (quoting *Laughlin v. Perot*, 1997 WL 135676, at *8 (N.D. Tex. Mar. 12, 1997) (Buchmeyer, J.)). Therefore, the Court must impose the least severe sanction adequate to deter future offensive conduct. *See Hunger*, 2014 WL 1080765, at *3 (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993); Fed. R. Civ. P. 11(c)(4)).

Additionally, the safe-harbor provision of Rule 11 provides that a motion for sanctions may not be filed until at least 21 days after service of the motion on the offending party. *See Hunger*, 2014 WL 1080765, at *3 (citing Fed. R. Civ. P. 11(c)(2)). If the alleged violation is withdrawn or corrected during this time, a sanctions motion must not be filed with the Court. *See Hunger*, 2014 WL 1080765, at *3. Thus, the safe harbor provision ensures that an offending party will not be subject to sanctions unless, after receiving the motion, the party refuses to remedy the improper paper, claim, defense, contention, or denial. *See*

*Hunger*, 2014 WL 1080765, at *3 (citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995)). "The safe-harbor provision is strictly construed, and substantial compliance and informal notice and opportunity to withdraw are not sufficient." *See Hunger*, 2014 WL 1080765, at *3 (citing *Reyes v. Kroger Texas, L.P.*, 2010 WL 4316084, at *4 (N.D. Tex. Oct. 2, 2010), *rec. accepted*, 2010 WL 4321585, at *1 (N.D. Tex. Oct. 25, 2010) (Boyle, J.); *In re Pratt*, 524 F.3d 580, 586-88 (5th Cir. 2008)). A Rule 11 sanctions motion "is properly denied when the movant fails to comply with the safe-harbor provision." *See Hunger*, 2014 WL 1080765, at *3 (citing *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000)). It is the movant's burden to demonstrate strict compliance with Rule 11's safe-harbor provision. *See Hunger*, 2014 WL 1080765, at *3 (citing *Reyes*, 2010 WL 4316084, at *4; *Harris v. Auxilium Pharms., Inc.*, 664 F. Supp. 2d 711, 724 (S.D. Tex. 2009)).

## Analysis

In view of the parties' arguments and the record as a whole, the Court does not find that imposition of Rule 11 sanctions is appropriate. Initially, the Court observes that Defendants waited to move for Rule 11 sanctions until December 26, 2017—over eight months after Plaintiffs had filed their First Amended Complaint; more than six months after Defendants' motion to dismiss had become ripe for determination; and almost two months after the parties failed to resolve their dispute at mediation, *see* Alternative Dispute Resolution Summary [ECF No. 23]. Defendants also relied on Plaintiffs' Original Complaint as a basis

for their motion, even though the Original Complaint had been withdrawn months earlier. The advisory committee notes to Rule 11 provide that "[a] party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so." Fed. R. Civ. P. 11, Notes of Advisory Committee. The Fifth Circuit has adopted that position *en banc. See Thomas v. Capital Security Servs., Inc.*, 836 F.2d 866 (5th Cir. 1988) (en banc). An attorney may not unreasonably delay seeking relief under Rule 11 after a violation by his opponent has come to his attention. *See id.* at 879. "[P]rompt action helps enhance the credibility of the rule and, by deterring further abuse, achieve its therapeutic purpose." *Id.* at 881.

Under the circumstance presented here, Defendants' delay in filing their motion and the fact that they relied on a withdrawn pleading deprive Rule 11 of its important deterrent effect. Had Defendants prepared and served the Rule 11 motion nearer in time to the filing of the alleged improper pleadings, Plaintiffs would have had an opportunity to address Defendants' concerns, and the parties may have eliminated the need for motion practice altogether. By waiting until after the Original Complaint was already withdrawn to file their motion, Defendants deprived Plaintiffs' counsel of availing himself of Rule 11's critically important safe-harbor provision. The District Court should deny Defendants' request for sanctions because Defendants unreasonably delayed filing their Rule 11 motion.

6

The Court also rejects the implication that sanctions are appropriate here because the District Court sanctioned Plaintiffs' counsel in 2014. Indeed, Defendants rely heavily on the fact that Plaintiffs' counsel has been previously sanctioned. The Introduction to their brief begins, "This Court has sanctioned Plaintiffs' counsel for filing meritless pleadings before, and it should do so again." Defs.' Mot. 2 [ECF No. 28] (citing *Barrett-Bowie v. Ameridream Edu. Concepts, LLC,* 2014 WL 3646321 (N.D. Tex. July 23, 2014), *aff'd*, 631 F. App'x 219 (5th Cir. 2015). The section of Defendants' brief setting forth the Rule 11 standard states, "Peacock, having been sanctioned by this Court before for filing baseless claims, is aware that a court may impose sanctions for improper pleadings that that [sic] harass or cause unnecessary delay or expense." Mot. 7 [ECF No. 28]. And, Defendants conclude their brief by arguing, "Peacock clearly did not learn its lesson from the first time [the Court] sanctioned Mr. Peacock and his firm . . . . Sanctions are therefore appropriate (once again)." Mot. 10 [ECF No. 28]. However, the Court's initial inquiry under Rule 11 is limited to the pleadings in this case. Counsel's conduct over five years ago in another, wholly unrelated case is not relevant unless and until the Court determines that a sanction is appropriate in the first instance.

With respect to the pleadings themselves, Rule 11 prohibits an attorney from filing a pleading for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11.

7

Rule 11 further requires attorneys to make a reasonable inquiry to determine whether the pleadings they sign are well-grounded in fact and warranted by existing law. *Id.* The factors relevant to determining whether an attorney has made a reasonable inquiry into the facts sufficient to satisfy Rule 11 include: (1) the time available to the signer for investigation; (2) the extent of the attorney's reliance upon his client for the factual support for the document; (3) the feasibility of pre-filing investigation; (4) whether the signing attorney accepted the case from another member of the bar or forwarding attorney; (5) the complexity of the factual and legal issues; and (6) the extent to which development of the factual circumstances underlying the claim requires discovery. *See Thomas*, 836 F.2d at 875. The factors relevant to the determination of whether an attorney made a reasonable inquiry into the law include: (1) the time available to the attorney to prepare the document; (2) the plausibility of the legal view contained in the document; (3) the pro se status of a litigant; and (4) the complexity of the legal and factual issues raised. *See id.* at 875-76.

    At the hearing, Plaintiffs' counsel explained that he had to prepare the Original Complaint and Amended Complaint in a relatively short amount of time—the Amended Complaint was filed within six weeks of the Original Complaint—and that he mainly relied on his client for the factual support for the allegations contained in the pleadings. Plaintiffs' counsel also stated that he

visited the property, reviewed documents and correspondence provided by his client, and researched the law before he filed the Amended Complaint asserting the RICO claim, as well as six other state law claims. Defendants' Motion is based on their objections to the RICO claim, which provided the basis for federal jurisdiction. Defendants did not move to dismiss or for sanctions based on Plaintiffs' state law claims. On the facts presented, the Court does not find that Plaintiffs' counsel failed to conduct a reasonable investigation into the facts or the law that would justify a sanctions award. Further, the Court does not find evidence that the Amended Complaint was filed merely to harass Defendants.

The District Court ultimately agreed with Defendants that Plaintiff had failed to satisfy the pleading standard necessary to state a RICO claim, and dismissed the case for lack of subject matter jurisdiction. Although the District Court stated in its opinion that Plaintiffs' RICO claim was "frivolous and insubstantial" and "wholly without merit," it is clear that the District Court did not actually consider Plaintiffs' RICO claim on the merits. The District Court simply reviewed the sufficiency of the pleadings under the Rule 12(b)(6) and determined that Plaintiffs had not alleged sufficient facts to state a claim for relief under the federal statute. The RICO statue is complicated, and parties often bring claims under the statute that do not survive summary dismissal. In view of all the circumstances, the fact that Plaintiffs' counsel failed to allege sufficient facts to

state a RICO claim does not warrant a finding that he violated Rule 11 by failing to make a reasonable inquiry into the law or the facts.

Alternatively, if the Court were to determine that Plaintiffs' counsel's failure to allege sufficient facts to state a RICO claim warranted sanctions, the least severe sanction adequate to deter future offensive conduct would have been to strike Plaintiffs' RICO claim. However, because the District Court has already dismissed Plaintiffs' RICO claim under Rule 12(b)(6), an order striking Plaintiffs' pleading would be moot. Moreover, Rule 11 is not a fee-shifting statute, *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 408 (1990), and requiring Plaintiffs' counsel to pay $125,000 in attorneys' fees to his client's adversary would not be the least severe sanction available to serve the deterrent purposes of Rule 11. *See Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1027 (5th Cir. 1994) (holding "the appropriate sanction in a given case may be an award to the adversary of some amount *less than all* of its reasonable expenses incurred as a result of the violation") (emphasis added). Finally, as Defendants adequately noted, the District Court sanctioned Plaintiffs' counsel four years ago, by issuing a public reprimand. That sanction continues to follow Plaintiffs' counsel, and the Court finds that issuing another reprimand would likely have little additional deterrent effect.

## Recommendation

For the foregoing reasons, the District Court should **DENY** Defendants' Rule 11 Motion for Sanctions.

**SO RECOMMENDED**.

August 10, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).